**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY )<br>1212 Broadway, Suite 800 )<br>Oakland, CA 94612, )<br>)<br>CENTER FOR ENVIRONMENTAL HEALTH )<br>2201 Broadway, Suite 302 )<br>Oakland, CA 94612 )<br>)<br>and )<br>)<br>SIERRA CLUB )<br>2101 Webster St., Suite 1300 )<br>Oakland, CA 94612 )<br>)<br>Plaintiffs, )<br>) Civ. No. _____<br>v. )<br>)<br>SCOTT PRUITT, )<br>in his official capacity as Administrator, )<br>U.S. Environmental Protection Agency, )<br>1200 Pennsylvania Avenue, N.W. )<br>Washington, DC 20460, )<br>)<br>Defendant. ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## I. INTRODUCTION

1. Plaintiffs THE CENTER FOR BIOLOGICAL DIVERSITY, THE CENTER FOR ENVIRONMENTAL HEALTH, and THE SIERRA CLUB bring this Clean Air Act citizen suit to compel Defendant, SCOTT PRUITT, in his official capacity as Administrator of the United States Environmental Protection Agency, ("EPA"), to undertake overdue Congressionally mandated duties. Specifically, the Administrator has failed to promulgate federal

1

implementation plans to ensure that Mississippi and Alabama address conflicts of interest for those who approve air pollution permits or enforce air pollution protective measures. Mississippi and Alabama are almost forty years late in having these conflict of interest avoidance and disclosure requirements in place.

    2.    Accordingly, Plaintiffs the Center for Biological Diversity, the Center for Environmental Health, and the Sierra Club bring this action against Defendant Scott Pruitt, in his official capacity as EPA Administrator, to compel him to perform these mandatory duties.

## II.    JURISDICTION

    3.    This case is a Clean Air Act citizen suit. Therefore, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 7604(a) (citizen suits for failure to perform a non-discretionary duty required by the Clean Air Act).

    4.    An actual controversy exists between the parties. This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, and does not involve the Tariff Act of 1930. Thus, this Court has authority to order the declaratory relief requested under 28 U.S.C. § 2201. If the Court orders declaratory relief, 28 U.S.C. § 2202 authorizes this Court to issue injunctive relief.

## III.    NOTICE

    5.    On June 21, 2017, Plaintiffs mailed to Defendant by certified mail, return receipt requested, written notice of intent to sue regarding the violations alleged in this Complaint. More than sixty days have passed since EPA received this "notice of intent to sue" letter. EPA has not remedied the violations alleged in this Complaint. Nor has EPA responded to the Plaintiffs' notice of intent to sue in any manner. Therefore, a present and actual controversy

exists.

## IV.    VENUE

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e)(1).  A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia.  Defendant Administrator Pruitt is an officer of the United States, sued for acts and omissions in his official capacity as Administrator of the EPA, and EPA has its principal office in the District of Columbia.

## V.    PARTIES

7.      Plaintiff the CENTER FOR BIOLOGICAL DIVERSITY is a non-profit 501(c)(3) organization.  The Center for Biological Diversity has approximately 61,000 members throughout the United States and the world, including 86 members in Mississippi and 219 members in Alabama.  The Center for Biological Diversity's mission is to ensure the preservation, protection, and restoration of biodiversity, native species, ecosystems, public lands and waters, and public health through science, policy, and environmental law.  Based on the understanding that the health and vigor of human societies and the integrity and wildness of the natural environment are closely linked, the Center for Biological Diversity is working to secure a future for animals and plants hovering on the brink of extinction, for the ecosystems they need to survive, and for a healthy, livable future for all of us.

8.      Plaintiff the CENTER FOR ENVIRONMENTAL HEALTH is a nonprofit organization that works to protect human health and the environment, helps protect the public from toxic chemicals, and promotes business products and practices that are safe for public health and the environment. The Center for Environmental Health works in pursuit of a world in which all people live, work, learn, and play in healthy environments.

9. Plaintiff SIERRA CLUB is the oldest and largest grassroots environmental organization in the United States, with 842,270 members nationally, including 1,625 members in Mississippi and 4,063 members in Alabama. Sierra Club's mission is to explore, enjoy, and protect the wild places of the Earth; to practice and promote the responsible use of the Earth's resources and ecosystems; to educate and enlist humanity to protect and restore the quality of the natural and human environment; and to use all lawful means to carry out these objectives. Sierra Club performs this mission through advocacy, litigation, and educational outreach to its members and state chapters. Sierra Club and its members are greatly concerned about the effects of air pollution on human health and the environment and have a long history of involvement in activities related to air quality.

10. Plaintiffs' members live, work, recreate, travel and engage in other activities throughout the areas at issue in this complaint and will continue to do so on a regular basis. Pollution in the affected areas threatens and damages, and will continue to threaten and damage, the health and welfare of Plaintiffs' members as well as their ability to engage in and enjoy their other activities. Pollution diminishes Plaintiffs' members' ability to enjoy the aesthetic qualities and recreational opportunities and to work and engage in other activities of the affected areas.

11. EPA's failure to timely perform the mandatory duties described herein also adversely affects Plaintiffs, as well as their members, by depriving them of procedural protection and opportunities, as well as information that they are entitled to under the Clean Air Act. The failure of EPA to perform the mandatory duties also creates uncertainty for Plaintiffs' members as to whether they are exposed to excess air pollution.

12. The above injuries will continue until the Court grants the relief requested herein.

13. Defendant SCOTT PRUITT is the Administrator of the EPA. In that role

Administrator Pruitt has been charged by Congress with the duty to administer the Clean Air Act, including the mandatory duties at issue in this case.

### VI.     LEGAL BACKGROUND

14.     Congress enacted the Clean Air Act to "speed up, expand, and intensify the war against air pollution in the United States with a view to assuring that the air we breathe throughout the Nation is wholesome once again." H.R. Rep. No. 1146, 91st Cong., 2d Sess. 1,1, 1970 U.S. Code Cong. & Admin. News 5356, 5356.

15.     To promote wholesome air, the Act requires that state plans to implement the Clean Air Act contain a provision that "any board or body which approves permits or enforcement orders under this chapter shall have at least a majority of members who represent the public interest and do not derive any significant portion of their income from persons subject to the permits or enforcement orders" under the Clean Air Act. 42 U.S.C. § 7428(a)(1). The Clean Air Act also requires that "any potential conflicts of interest by members of such board or body or the head of an executive agency with similar powers be adequately disclosed." 42 U.S.C. § 7428(a)(2).

16.     The Clean Air Act required states to have these 42 U.S.C. § 7428(a) provisions in their state implementation plans by August 7, 1978.

17.     Section 110(a)(2)(E)(ii) of the Clean Air Act also requires that state plans to implement the Clean Air Act for each new or revised national ambient air quality standard ("NAAQS") ensure that the state plan contain the provisions of 42 U.S.C. § 7428. *See* 42 U.S.C. § 7410(a)(2)(E)(ii).

18.     If EPA disapproves a state implementation plan submittal, such as for failure to set forth provisions to comply with the requirements of 42 U.S.C. § 7428(a) for state boards,

EPA must promulgate a federal implementation plan ("FIP") to take the place of the disapproved submittal "at any time within 2 years" of the disapproval.  42 U.S.C. § 7410(c)(1)(B).

## VII.   FACTS

19.   On March 2, 2015, EPA took final action to disapprove Clean Air Act section 110(a)(2)(E)(ii) of Mississippi's state implementation plan submittal pertaining to the Clean Air Act infrastructure requirements for the 2008 8-hour ozone NAAQS because it failed to meet the requirements of Clean Air Act section 128(a)(1).  80 Fed. Reg. 11,131, 11,132 (March 2, 2015). Specifically, EPA determined that the state plan failed to include a provision which required that at least a majority of members of any state board or body which issues air pollution permits or enforces air pollution restrictions do not derive any significant portion of their income from companies or people subject to the air pollution permits or enforcement orders.  *See id.*

20.   EPA's disapproval of Mississippi's state plan for failing to comply with 42 U.S.C. § 7410(a)(2)(E)(ii) and 42 U.S.C. § 7428(a)(1) was effective April 1, 2015.  *See id.*

21.   On April 2, 2015, EPA took final action to disapprove Clean Air Act section 110(a)(2)(E)(ii) of Alabama's state implementation plan submittal pertaining to the Clean Air Act infrastructure requirements for the 2008 8-hour ozone NAAQS because it failed to meet the requirements of Clean Air Act section 128(a)(1) & (2).  80 Fed. Reg. 17,689, 17,690 (April 2, 2015).  Specifically, EPA determined that the state plan failed to include a provision which required that least a majority of members of any state board or body which issues air pollution permits or enforces air pollution restrictions do not derive any significant portion of their income from companies or people subject to the air pollution permits or enforcement orders and required that potential conflicts of interest of state boards and heads of executive agencies be adequately disclosed.  *See id.*

22. EPA's disapproval of Alabama's state plan for failing to comply with 42 U.S.C. § 7410(a)(2)(E)(ii) and 42 U.S.C. § 7428(a)(1) and (2) was effective May 4, 2015. *Id*.

## VIII.   CLAIMS FOR RELIEF

### CLAIM ONE

### (Failure to Promulgate Mississippi FIP)

23. Plaintiffs incorporate by reference paragraphs 1 through 22.

24. EPA disapproved the 42 U.S.C. § 7410(a)(2)(E)(ii) element of the Mississippi state implementation plan with regard to the 2008 ozone NAAQS because it does not require that a majority of members of boards that approve permits or enforcement orders in Mississippi do not derive a significant portion of income from persons subject to permits or enforcement orders issued by such Mississippi boards, and therefore, its current SIP does not meet the section 128(a)(1) majority requirements respecting significant portion of income.

25. This disapproval was effective April 1, 2015.

26. More than two years has passed since April 1, 2015

27. However, EPA has not promulgated a federal implementation plan to address the disapproved 42 U.S.C. § 7410(a)(2)(E)(ii) element of the Mississippi state implementation plan with regard to the 2008 ozone NAAQS.

28. Nor has EPA approved a state implementation plan or plan revision to address the disapproved 42 U.S.C. § 7410(a)(2)(E)(ii) element of the Mississippi state implementation plan with regard to the 2008 ozone NAAQS.

29. Therefore, EPA is in violation of its mandatory duty to promulgate a federal implementation plan, pursuant to 42 U.S.C. §7410(c)(1), requiring that the majority of members of boards that approve permits or enforcement orders in Mississippi do not derive a significant portion of income from persons subject to permits or enforcement orders issued by such

Mississippi boards.

## CLAIM TWO

### (Failure to Promulgate Alabama FIP)

30. Plaintiffs incorporate by reference paragraphs 1 through 22.

31. EPA disapproved the 42 U.S.C. § 7410(a)(2)(E)(ii) element of the Alabama state implementation plan with regard to the 2008 ozone NAAQS because the Alabama state implementation plan did not contain provisions to comply with the requirements of section 128(a)(1) and (2) of the Clean Air Act.

32. This disapproval was effective May 4, 2015.

33. More than two years has passed since May 4, 2015

34. However, EPA has not promulgated a federal implementation plan to address the disapproved 42 U.S.C. § 7410(a)(2)(E)(ii) element of the Alabama state implementation plan with regard to the 2008 ozone NAAQS.

35. Nor has EPA approved a state implementation plan or plan revision to address the disapproved 42 U.S.C. § 7410(a)(2)(E)(ii) element of the Alabama state implementation plan with regard to the 2008 ozone NAAQS.

36. Therefore, EPA is in violation of its mandatory duty to promulgate a federal implementation plan, pursuant to 42 U.S.C. §7410(c)(1), requiring that the majority of members of boards that approve permits or enforcement orders in Alabama do not derive a significant portion of income from persons subject to permits or enforcement orders issued by such Alabama boards and requiring that any potential conflicts of interest by members of such boards or the head of an executive agency with similar powers be adequately disclosed.

.

## IX.     REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A.     Declare that the Administrator is in violation of the Clean Air Act with regard to his failure to perform the mandatory duties listed above;

B.     Issue a mandatory injunction requiring the Administrator to perform his mandatory duties listed above by certain dates;

C.     Retain jurisdiction of this matter for purposes of enforcing the Court's order;

D.     Grant Plaintiffs their reasonable costs of litigation, including attorneys' and experts' fees; and;

E.     Grant such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 28, 2017         */s/ Kathryn Amirpashaie*

Kathryn M. Amirpashaie
DC Bar Id. No. 1001491
Law Office of Kathryn M. Amirpashaie, PLC
406 Blue Ridge Avenue NE
Leesburg, VA 20176
Tel: (703) 771-8394
kmalawoffice@gmail.com

Robert Ukeiley
DDC Bar No. MD 14062
Center for Biological Diversity
1536 Wynkoop St., Ste. 421
Denver, CO 80202
Tel: (720) 496-8568
rukeiley@biologicaldiversity.org

*Counsel for Plaintiffs*